# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Maria Shtivelman

**(b)** County of Residence of First Listed Plaintiff    Montgomery County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Daniel S. Orlow, Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102

## DEFENDANTS

All American Hospice, LLC
Michael Spivak

County of Residence of First Listed Defendant    Bucks County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*      *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 871 IRS—Third Party 26 USC 7609 | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 12101, et seq. ; 29 U.S.C. § 2601, et seq.

Brief description of cause:
Plaintiff was discriminated and retaliated against because of her disabilities.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE 8/10/2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Huntington Valley, PA _____

Address of Defendant: _____ 332A Bustleton Pike, Suite 101, Feasterville-Trevose, PA 19053 _____

Place of Accident, Incident or Transaction: _____ 332A Bustleton Pike, Suite 101, Feasterville-Trevose, PA 19053 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐ No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐ No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 08/10/2022 _____ _____ 311702

*Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**    *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B.**    *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Daniel S. Orlow _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 08/10/2022 _____ _____ 311702

*Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Maria Shtivelman | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| All American Hospice, LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       ( X )

| | | |
|---|---|---|
| 8/10/2022 | | Plaintiff, Maria Shtivelman |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-405-2900 | orlow@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

———————————————————————
                                                    :
PLAINTIFF,                                          :
                                                    :
    **MARIA SHTIVELMAN**                      :    Case No. _____
                                                    :
v.                                                  :
                                                    :
DEFENDANTS,                                         :    **JURY TRIAL DEMANDED**
                                                    :
    **ALL AMERICAN HOSPICE, LLC;**             :
                                                    :
    **MICHAEL SPIVAK, as aider/abettor**       :
                                                    :
———————————————————————:

## CIVIL ACTION COMPLAINT

### I.    INTRODUCTION

Plaintiff, Maria Shtivelman, brings this action against her former employer, All American Hospice, LLC ("AAH"), as well as AAH's owner, Michael Spivak, for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Pennsylvania Human Relations Act, 43 Pa. Stat. § 951, *et seq.* ("PHRA"), and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA").

Plaintiff was a dedicated employee of Defendants for seven years with a track record of success and positive feedback on her performance. In 2020, Plaintiff required a medical leave of absence due to a diagnosis of small fiber neuropathy and a corresponding exacerbation of recurring migraines and chronic spinal pain. Prior to the expiration of her medical leave, Defendant Spivak induced Plaintiff to return to work earlier than anticipated by promising her a promotion. Upon Planitiff's return, however, Defendant Spivak criticized her medical conditions, denied her necessary accommodations, and failed to give her the promotion that had been promised. After

Plaintiff trained her replacement, under the premise that she would be receiving a promotion and thus vacating her position, Defendants terminated her employment.

Defendants discriminated against Plaintiff because of her disabilities and retaliated against her for exercising her right to medical leave and requesting reasonable accommodations in connection with her disabilities.  Plaintiff seeks all damages allowable by law, including back-pay, front-pay, compensatory, liquidated, punitive, attorneys' fees and costs, and all other relief that this Court deems appropriate.

## II.   <u>PARTIES</u>

1.      Plaintiff Mara Shtivelman is an individual and citizen of the Commonwealth of Pennsylvania, residing therein in Huntington Valley, PA.

2.      Defendant All American Hospice, LLC is organized under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 332A Bustleton Pike, Suite 101, Feasterville-Trevose PA 19053.

3.      Defendant Michael Spivak is an individual with a residence within the Commonwealth of Pennsylvania.

4.      Defendant Spivak is AAH's owner and at all relevant times aided, abetted, incited, committed, compelled and/or coerced the discriminatory and retaliatory conduct set forth herein; obstructed or prevented AAH from complying with the PHRA; and attempted to, and did in fact, commit acts in violation of the PHRA.

5.      At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes that form the basis of this matter.

6.      At all times material hereto, Defendants were employers of Plaintiff within the meaning of the statutes that form the basis of this matter.

7.      At all times material hereto, Defendants employed more than fifteen (15) people.

8.      At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

## III.    <u>JURISDICTION AND VENUE</u>

9.      The causes of action set forth in this Complaint arise under the ADA, the PHRA, and the FMLA.

10.     The District Court has subject matter jurisdiction over Counts I and III pursuant to 28 U.S.C. § 1331.

11.     The District Court has supplemental jurisdiction over Count II pursuant to 28 U.S.C. § 1367.

12.     Venue is proper under 28 U.S.C. § 1391(b).

13.     On February 2, 2021, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission (PHRC), complaining of the various acts of discrimination and retaliation alleged herein.

14.     On March 12, 2021, Plaintiff filed an Amended Complaint of Discrimination with the PHRC, complaining of the various acts of discrimination and retaliation alleged herein.

15.     Plaintiff's Complaint and Amended Complaint of Discrimination were each dual-filed with the Equal Employment Opportunity Commission.  Attached hereto, incorporated herein, and marked as Exhibits "A" and Exhibit "B", respectively, are true and correct copies of the February 2, 2021 and March 12, 2021 Complaints of Discrimination (with minor redactions for purposes of electronic filing of confidential/identifying information).

16.     On May 16, 2022, the EEOC issued Plaintiff a Notice of Dismissal and Right to

Sue.  Attached hereto as "Exhibit C" is a true and correct copy of that notice.

17.     On February 7, 2022, the Pennsylvania Human Relations Commission informed Plaintiff that more than one (1) year had passed since the filing of her Complaint of Discrimination, advising her that she had the right to bring an action in the appropriate Court of Common Pleas based on the alleged violations of the PHRA.

18.     Plaintiff is filing this complaint within ninety (90) days from her receipt of the EEOC's Notice of Dismissal and Right to Sue.

19.     Plaintiff has fully complied with all administrative pre-requisites for the commencement of this action.

## IV.     FACTUAL ALLEGATIONS

20.     Plaintiff was hired by Defendants on or about December 1, 2013.

21.     Plaintiff worked for Defendants as Clinical Director of Hospice.

22.     Plaintiff reported to Defendant Spivak (AAH's owner) from the time of her hire until the date of her termination.

23.     Plaintiff worked out of AAH's office in Feasterville-Trevose, PA.

24.     Over the course of her employment, Plaintiff consistently demonstrated excellent performance and dedication to Defendants and at all times performed her duties in a highly competent manner.

25.     Plaintiff's job duties consisted primarily, without limitation, of managing the overall direction and coordination of patient care through the supervision of AAH's nursing staff.

26.     In February 2019 Plaintiff was diagnosed with small fiber neuropathy, a condition that is characterized by sudden attacks of pain, numbness, burning, and cold/warm sensations that typically begin in the hands and feet and spread throughout the rest of the body.

4

27.     The symptoms of small fiber neuropathy that Plaintiff experienced include, without limitation, numbness, hypersensitivity, and spontaneous sensations of pain.

28.     Plaintiff also suffers from chronic migraines and chronic pain in the cervical and lumbar portions of her spine.

29.     The foregoing medical conditions substantially impair Plaintiff's ability to engage in major life activities such as prolonged sitting, standing, and walking; lifting moderate to heavy weight; and concentrating without interruption.

30.     As a result of Plaintiff's small fiber neuropathy and its exacerbation of her chronic migraines and spinal pain, Plaintiff took a medical leave of absence beginning on or about May 4, 2020.

31.     Prior to May 2020 Plaintiff had never needed or requested medical leave or workplace accommodations from AAH connected to a disability.

32.     Prior to May 2020 Plaintiff had never received any indication that her job was in jeopardy.

33.     Around the middle of June 2020, Spivak asked Plaintiff to return from her medical leave earlier than she had anticipated.

34.     Plaintiff informed Spivak that she would require accommodations if she returned to work.

35.     Specifically, Plaintiff informed Spivak that she would require a flexible schedule and the ability to take time off to attend doctor's appointments as needed.

36.     At or around the time that Spivak asked Plaintiff to return early from her medical leave, Spivak told her he would promote her into a position (Director of Compliance) that Spivak and Plaintiff had previously discussed.

37.     Plaintiff was never formally offered a promotion into the Director of Compliance role until she was asked to return from her medical leave during the week of June 15, 2020.

38.     Spivak told Plaintiff that if she came back to work from her medical leave, he would promote her into the Director of Compliance role.

39.     Plaintiff returned to work on June 15, 2020 but was denied the requested accommodations of a reduced schedule and time to attend doctor's appointments as needed.

40.     On several occasions Plaintiff missed scheduled doctor's appointments because of Spivak's refusal to accommodate her need for a reduced and/or modified schedule.

41.     Following her return to work, Spivak began criticizing Plaintiff's job performance.

42.     Spivak also made comments that were critical of Plaintiff's medical conditions. Specifically, Spivak told Plaintiff that "your medical condition effects your mental state which effects your productivity in my organization."

43.     Following Planitiff's return from medical leave, Spivak often expressed anger, frustration, and hostility towards her which Plaintiff understood to be due to her disabilities, her taking of medical leave, and her request for workplace accommodations.

44.     Upon returning to work, Plaintiff began training a new employee whom Spivak had designated to assume her then-current role (Clinical Director of Hospice) for when she was promoted into the Director of Compliance position that had been verbally promised to her.

45.     Plaintiff trained her replacement over the course of August of 2020.

46.     Despite training her replacement, Plaintiff was never provided with a formal offer letter for the Director of Compliance role, and despite many requests, Spivak never took any steps to formally promote Plaintiff into that role.

47.     On September 18, 2020, after Plaintiff had fully trained her replacement, Defendants terminated her employment.

48.     Spivak told Plaintiff that it "would be better for both of us if you found a new job."

49.     Plaintiff's small fiber neuropathy and its exacerbation of her chronic migraines and spinal pain (including her record of those disabilities and Defendants' perception of her as a disabled person), the exercise of her right to a medical leave of absence, and her requests for reasonable accommodations were each motivating and/or determinative factors in Defendants' discriminatory and retaliatory treatment of her, including terminating her employment, failing to provide her reasonable accommodations for her disabilities, and failing to promote her to the Director of Compliance position.

50.     As a direct and proximate result of the discriminatory and retaliatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

**COUNT I – as to Defendant AAH only**
**Americans with Disabilities Act (Title VII)**

51.     Plaintiff incorporates herein by reference the paragraphs set forth above as if set forth herein in their entirety.

52.     Defendant AAH has violated the ADA by committing the foregoing acts of discrimination and retaliation.

53.     Defendant AAH intentionally discriminated and retaliated against Plaintiff because of her disabilities (including her record thereof and Defendant's perception of her as a disabled person) and her requests for reasonable accommodations.

7

54.     Defendant AAH violated the ADA by failing to provide Plaintiff with reasonable accommodations in connection with her disabilities.

55.     In violating the anti-discrimination provision of the ADA, Defendant AAH acted with malice and/or reckless indifference toward the federally protected rights of Plaintiff and its conduct warrants the imposition of punitive damages.

56.     As a direct and proximate result of Defendant AAH's violation of the ADA, including terminating Plaintiff's employment, failing to provide her with reasonable accommodations, and failing to promote her to the Director of Compliance Position, Plaintiff has suffered the damages and losses set forth herein.

57.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

58.     No previous application has been made for the relief requested herein.

**COUNT II – as to all named Defendants**
**<u>Pennsylvania Human Relations Act (PHRA)</u>**

59.     Plaintiff incorporates herein by reference the paragraphs set forth above as if set forth herein in their entirety.

60.     Defendants have violated the PHRA by committing the foregoing acts of discrimination and retaliation.

61.     Defendants intentionally discriminated and retaliated against Plaintiff because of her disabilities (including her record thereof and Defendants' perception of her as a disabled person) and her requests for reasonable accommodations.

62.     Defendants violated the PHRA by failing to provide Plaintiff with reasonable accommodations in connection with her disabilities.

63.     As a direct and proximate result of Defendants' violation of the PHRA, including terminating Plaintiff's employment, failing to provide her with reasonable accommodations, and failing to promote her to the Director of Compliance Position, Plaintiff has suffered the damages and losses set forth herein.

64.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

65.     No previous application has been made for the relief requested herein.

**COUNT III – as to all named Defendants**
**Family and Medical Leave Act (FMLA)**

66.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

67.     At all relevant times, Defendants employed more than fifty (50) people within a seventy-five (75) mile radius of Plaintiff's workplace.

68.     Plaintiff had worked for Defendants for at least 1,250 hours in the twelve month period preceding her need for medical leave in 2020.

69.     Plaintiff's diagnosis of small fiber neuropathy and its corresponding exacerbation of her chronic migraines and spinal pain qualified as a "serious health conditions" within the meaning of the FMLA.

70.     At the time of Plaintiff's termination, Plaintiff was eligible for leave under the FMLA.

71.     At all relevant times, Defendants were subject to the requirements of the FMLA.

72.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants violated the FMLA.

73.     Plaintiff's exercise of her FMLA rights was considered as a negative factor, and was a motivating and determinative factor in Defendants' conduct towards Plaintiff, including terminating her employment, failing to promote her to the Director of Compliance position, and failing to provide her with reasonable accommodations for her disability.

74.     Said violations were not in good faith, and Defendants did not have reasonable grounds to believe that the foregoing acts were not in violation of the FMLA. Defendants' violations of the FMLA warrant the imposition of liquidated damages.

75.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory, retaliatory, and unlawful acts unless and until the Court grants the relief requested herein.

76.     No previous application has been made for the relief requested herein

## **RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants:

a)      declaring the acts and practices complained of herein to be in violation of the ADA;

b)      declaring the acts and practices complained of herein to be in violation of the PHRA;

c)      declaring the acts and practice complained of herein to be in violate of the FMLA;

d)      enjoining and restraining permanently the violations alleged herein;

e)      awarding damages to Plaintiff for the past and future economic losses that he has suffered;

f)      awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

g)      awarding punitive damages to Plaintiff;

h)      awarding liquidated damages to Plaintiff pursuant to the FMLA.

i)      awarding Plaintiff the costs of this action, together with reasonable attorney's fees;

j)      granting such other and further relief as this Court deems appropriate.


                                    **CONSOLE MATTIACCI LAW, LLC**


Dated:  8/10/22                BY:  _____
                                    Daniel S. Orlow, Esq.
                                    1525 Locust Street, 9th Floor
                                    Philadelphia, PA 19102
                                    (215) 545-7676
                                    Attorneys for Plaintiff, Maria Shtivelman

# EXHIBIT A

Received

FEB 02 2021

PA Human Relations Commission
Philadelphia Regional Office

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

### COMPLAINT

COMPLAINANT:

**MARIA SHTIVELMAN**

v.

RESPONDENT:

**ALL AMERICAN HOSPICE, LLC**

Docket No.  202001964

1. The Complainant herein is:

   Name:     Maria Shtivelman

   Address:  ██redacted██
             Huntington Valley, PA 19006

2. The Respondent herein is:

   Names:    All American Hospice, LLC

   Address:  One Neshaminy Interplex Drive, Suite 104
             Feasterville-Trevose, PA 19053

   [1]    I, Maria Shtivelman, the Complainant herein, allege that I was subjected to unlawful discrimination by my former employer, All American Hospice, LLC, because of my disability (small fiber neuropathy). I further allege that Respondent subjected me to unlawful retaliation for taking medical leave and requesting workplace accommodations. Following my medical leave and my request for a workplace accommodation, Respondent hired a non-disabled individual to replace me, had me train my replacement under false pretenses, and then terminated

my employment. Without limitation, evidence of the discriminatory and retaliatory conduct to which I was subjected is set forth below:

### Discrimination and Retaliation

**A.**     **I specifically allege:**

[2]     I was hired by Respondent on or about December 1, 2013. I worked for Respondent as a Clinical Director of Hospice.

[3]     I reported to Michael Spivak (owner) from the time of my hire until the date of my termination.

[4]     I worked out of Respondent's office in Feasterville-Trevose, PA.

[5]     Over the course of my employment, I consistently demonstrated excellent performance and dedication to Respondent and at all times performed my duties in a highly competent manner.

[6]     My job duties consisted primarily, without limitation, of managing the overall direction and coordination of patient care through the supervision of Respondent's nursing staff.

[7]     In February 2020 I was diagnosed with small fiber neuropathy, a condition that is characterized by sudden attacks of pain, numbness, burning, and cold/warm sensations that typically begin in the hands and feet and spread throughout the rest of the body.

[8]     Symptoms of small fiber neuropathy that I experience include, without limitation, numbness, hypersensitivity, and spontaneous sensations of pain.

[9]     In an addition to the symptoms of small fiber neuropathy, I also suffer from chronic migraines and chronic pain in the cervical and lumbar portions of my spine.

[10]     The foregoing conditions substantially impair my ability to engage in major life activities such as prolonged sitting, standing, and walking; lifting moderate to heavy weight; and concentrating without interruption.

[11]     As a result of my diagnosis with small fiber neuropathy and its exacerbation of my chronic migraines and back pain, I took a medical leave of absence beginning on or about May 4, 2020.

[12]     Prior to May 2020 I had never needed or requested medical leave or workplace accommodations from Respondent connected to a disability.

[13]     Prior to May 2020 I had never received any indication that my job was in jeopardy.

[14]     Around the middle of June 2020, Spivak asked me to return from my medical leave.

[15]     I informed Spivak that I would require accommodations if I returned to work. Specifically, I informed him that I would require a reduced schedule and the ability to take time off to attend doctor's appointments as needed.

[16]     At or around the time that Spivak asked me to return from my medical leave, he told me that he would promote me into a position (Director of Compliance) that Spivak and I had previously discussed.

[17]     My previous discussion with Spivak regarding the Director of Compliance position had taken place in 2018.

[18]     I was never formally offered a promotion into this role until I was asked to return to return during the week of June 15, 2020.

[19]     Spivak told me that if I came back to work Respondent would put me into the Director of Compliance role.

3

[20]    I returned to work on June 15, 2020 but was denied my requested accommodations of a reduced schedule and time to attend doctor's appointments.

[21]    On several occasions I missed scheduled doctor's appointments because of Spivak's refusal to accommodate my need for a reduced and/or modified schedule.

[22]    Following my return to work Spivak began criticizing my job performance and my ability to contribute to Respondent's organization.

[23]    Spivak also made comments that were critical of my conditions. Specifically, Spivak told me that "your medical condition effects your mental state which effects your productivity in my organization."

[24]    Further, Spivak often expressed anger, frustration, and hostility towards me following my return to work, which I understood to be due to my disability, my taking of medical leave, and my request for workplace accommodations.

[25]    Upon returning to work, I began training a new employee who Respondent had designated to take over my then-current role (Clinical Director of Hospice) for when I stepped into the Director of Compliance position that had been verbally promised to me.

[26]    I trained my replacement over the course of August of 2020.

[27]    Despite training my replacement, I was never provided with a formal offer letter for the Director of Compliance role, and despite many requests, Spivak never took any steps to formally promote me into that role.

[28]    On September 18, 2020, after I had fully trained my replacement, Spivak terminated my employment. Spivak called me and told me it "would be better for both of us if you found a new job."

4

[29]    Respondent's stated reason for my termination is a pretext for discrimination and retaliation.

[30]    Respondent has failed to remedy the discrimination and retaliation to which I was subjected.

B.    Based on the aforementioned, I allege that Respondent has discriminated against me because of my disability and retaliated against me for taking medical leave and requesting workplace accommodations in connection with my disability, in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

3.    The allegations in Paragraph 2 hereof constitute unlawful discriminatory and retaliatory practices in violation of:

  **X**   **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s): __(a); (d); (e)__**

    _____   Section 5.1 Subsection(s) _____

    _____   Section 5.2 Subsection(s) _____

    _____   Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

4.    Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

    **X**     **This charge will be referred to the EEOC for the purpose of dual filing.**

5.    The Complainant prays that Respondents be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory and retaliatory practice(s) and procedure(s).

(c) Remedy the discriminatory and retaliatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

_____    _____
(Date Signed)    (Signature)    Mira Suleviman

22/01/2021

# EXHIBIT B

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## AMENDED COMPLAINT OF DISCRIMINATION

_____
                                              :
COMPLAINANT:                                  :
                                              :
**MARIA SHTIVELMAN**                          :          Docket No.
                                              :
v.                                            :
                                              :
RESPONDENTS:                                  :
                                              :
**ALL AMERICAN HOSPICE, LLC; and**            :
                                              :
**MICHAEL SPIVAK, as aider and abettor**      :
                                              :
_____:

1.      The Complainant herein is:

        Name:        Maria Shtivelman

        Address:     redacted
                     Huntington Valley, PA 19006

2.      The Respondents herein are:

        Names:       All American Hospice, LLC and Michael Spivak, as aider and abettor
        Address:     One Neshaminy Interplex Drive, Suite 104
                     Feasterville-Trevose, PA 19053

        [1]     I, Maria Shtivelman, the Complainant herein, allege that I was subjected to

unlawful discrimination by Respondents because of my disability (small fiber neuropathy).  I

further allege that Respondents subjected me to unlawful retaliation for taking medical leave and

requesting workplace accommodations.  Following my medical leave and my request for a

workplace accommodation, Respondents hired a non-disabled individual to replace me, had me train my replacement under false pretenses, and then terminated my employment.

[2]     At all times material hereto, Respondent Michael Spivak, by his actions set forth herein, aided, abetted, incited, committed, compelled and/or coerced the discriminatory conduct set forth herein, obstructed or prevented All American Hospice, LLC from complying with the statutes that form the basis of this matter and did, in fact, commit acts in violation of those statutes. Without limitation, evidence of the discriminatory and retaliatory conduct to which I was subjected is set forth below:

### Discrimination and Retaliation

**A.     I specifically allege:**

[3]     I was hired by Respondents on or about December 1, 2013.  I worked for Respondents as a Clinical Director of Hospice.

[4]     I reported to Respondent Michael Spivak (owner) from the time of my hire until the date of my termination.

[5]     I worked out of Respondents' office in Feasterville-Trevose, PA.

[6]     Over the course of my employment, I consistently demonstrated excellent performance and dedication to Respondents and at all times performed my duties in a highly competent manner.

[7]     My job duties consisted primarily, without limitation, of managing the overall direction and coordination of patient care through the supervision of All American Hospice, LLC's nursing staff.

[8]     In February 2020 I was diagnosed with small fiber neuropathy, a condition that is characterized by sudden attacks of pain, numbness, burning, and cold/warm sensations that typically begin in the hands and feet and spread throughout the rest of the body.

[9]     Symptoms of small fiber neuropathy that I experience include, without limitation, numbness, hypersensitivity, and spontaneous sensations of pain.

[10]    In an addition to the symptoms of small fiber neuropathy, I also suffer from chronic migraines and chronic pain in the cervical and lumbar portions of my spine.

[11]    The foregoing conditions substantially impair my ability to engage in major life activities such as prolonged sitting, standing, and walking; lifting moderate to heavy weight; and concentrating without interruption.

[12]    As a result of my diagnosis with small fiber neuropathy and its exacerbation of my chronic migraines and back pain, I took a medical leave of absence beginning on or about May 4, 2020.

[13]    Prior to May 2020 I had never needed or requested medical leave or workplace accommodations from Respondents connected to a disability.

[14]    Prior to May 2020 I had never received any indication that my job was in jeopardy.

[15]    Around the middle of June 2020, Respondent Spivak asked me to return from my medical leave.

[16]    I informed Spivak that I would require accommodations if I returned to work. Specifically, I informed him that I would require a reduced schedule and the ability to take time off to attend doctor's appointments as needed.

[17]    At or around the time that Spivak asked me to return from my medica leave, he told me that he would promote me into a position (Director of Compliance) that Spivak and I had previously discussed.

[18]    My previous discussion with Spivak regarding the Director of Compliance position had taken place in 2018.

[19]    I was never formally offered a promotion into this role until I was asked to return during the week of June 15, 2020.

[20]    Spivak told me that if I came back to work Respondents would put me into the Director of Compliance role.

[21]    I returned to work on June 15, 2020 but was denied my requested accommodations of a reduced schedule and time to attend doctor's appointments.

[22]    On several occasions I missed scheduled doctor's appointments because of Spivak's refusal to accommodate my need for a reduced and/or modified schedule.

[23]    Following my return to work Spivak began criticizing my job performance and my ability to contribute to the All American Hospice organization.

[24]    Spivak also made comments that were critical of my conditions.  Specifically, Spivak told me that "your medical condition effects your mental state which effects your productivity in my organization."

[25]    Further, Spivak often expressed anger, frustration, and hostility towards me following my return to work, which I understood to be due to my disability, my taking of medical leave, and my request for workplace accommodations.

[26]    Upon returning to work, I began training a new employee who Respondents had designated to take over my then-current role (Clinical Director of Hospice) for when I stepped into the Director of Compliance position that had been verbally promised to me.

[27]    I trained my replacement over the course of August of 2020.

[28]    Despite training my replacement, I was never provided with a formal offer letter for the Director of Compliance role, and despite many requests, Spivak never took any steps to formally promote me into that role.

[29]    On September 18, 2020, after I had fully trained my replacement, Respondents terminated my employment.  Spivak called me and told me it "would be better for both of us if you found a new job."

[30]    Respondents' stated reason for my termination is a pretext for discrimination and retaliation.

[31]    Respondents have failed to remedy the discrimination and retaliation to which I was subjected.

B.    Based on the aforementioned, I allege that Respondents have discriminated against me because of my disability and retaliated against me for taking medical leave and requesting workplace accommodations in connection with my disability, in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

3.    The allegations in Paragraph 2 hereof constitute unlawful discriminatory and retaliatory practices in violation of:

 **X    Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):   (a); (d); (e)**

\_\_\_\_        Section 5.1 Subsection(s) _____

\_\_\_\_        Section 5.2 Subsection(s) _____

\_\_\_\_        Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

4.    Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

    **X**        **This charge will be referred to the EEOC for the purpose of dual filing.**

5.    The Complainant prays that Respondents be required to:

    (a)    Make the Complainant whole.

    (b)    Eliminate all unlawful discriminatory and retaliatory practice(s) and procedure(s).

    (c)    Remedy the discriminatory and retaliatory effect of past practice(s) and procedure(s).

    (d)    Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

    (e)    Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

3/12/2021       *signature*
(Date Signed)       (Signature)    Maria Shirvelman

# EXHIBIT C

EEOC Form 161-B (01/2022)

# U.S. Equal Employment Opportunity Commission

## Notice of Right to Sue (ISSUED ON REQUEST)

| | |
|---|---|
| To:  **Maria Shtivelman**<br>redacted<br>**Huntingdon, Valley PA 19006** | From:  **Philadelphia District Office**<br>**801 Market St, Suite 1000**<br>**Philadelphia, PA 19107** |

| EEOC Charge No.<br>**17F-2021-61041** | EEOC Representative<br>**Damon Johnson,**<br>**State, Local & Tribal Program Manager** | Telephone No.<br>**(267) 589-9722** |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have elapsed since the filing date.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA):* *You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.*

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By: Karen McDonough
05/16/2022

Enclosures(s)

**Karen McDonough**
**Enforcement Manager**

cc:   **For Respondent: All American Hospice, LLC**
**Brett A. Datto, Esq.**
**Weir & Partners LLP**
**The Widener Building**
**1339 Chestnut Street, Suite 500**
**Philadelphia, PA 19107**

**For Charging Party:**
**Daniel S. Orlow, Esq**
**Console Mattiacci Law**
**1525 Locust Street, 9th Floor**
**Philadelphia, PA 19102**